
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DREW JOSFAN,<br><br>          Plaintiff - Appellant,<br><br>     v.<br><br>NYLON PROJECT, LLC, DBA<br>Indochine; et al.,<br><br>          Defendants - Appellees. | No. 12-57151<br><br>D.C. No. 2:09-cv-07904-AHM-<br>PLA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Alvin Howard Matz, District Judge, Presiding

Argued and Submitted February 9, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and SHEA, Senior District
Judge.**

Drew Josfan appeals the district court's grant of summary judgment in favor

of Santa Barbara Police Department officers Thomas Eccles, Mark Corbett, and Ed

Ruiz (collectively, "City Defendants") and Nylon Project, LLC, Michael Gomez,

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The Honorable Edward F. Shea, Senior District Judge for the U.S.
District Court for the Eastern District of Washington, sitting by designation.

and Mike George (collectively, "Indochine Defendants"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court correctly held that because the City Defendants had probable cause to arrest Josfan, they cannot be held liable under 42 U.S.C. § 1983 for false arrest and malicious prosecution. *See Estate of Tucker ex rel. Tucker v. Interscope Records, Inc.*, 515 F.3d 1019, 1030 (9th Cir. 2008) (listing lack of probable cause as a necessary element of a malicious prosecution claim); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) (listing lack of probable cause as a necessary element of a false arrest claim). Based on George's initial 911 call, conversations with George and Gomez prior to Josfan's arrest, and their own observations, the City Defendants each possessed information "sufficient to lead a person of reasonable caution to believe an offense ha[d] been or [was] being committed by [Josfan]." *John v. City of El Monte*, 515 F.3d 936, 940 (9th Cir. 2008) (internal quotation marks omitted). Critically, the complete accounts of what George and Gomez told the City Defendants prior to Josfan's arrest, including details suggesting that Josfan was involved in a physical altercation and had to be forcibly removed from Indochine, were never contradicted. That George and Gomez did not provide all of these details each time they described what happened before Josfan's arrest does not cast doubt on

2

the full recitation each of them gave. Moreover, these details were consistent with the transcript of the 911 call and the reports filed by Corbett and Ruiz.

2. Josfan failed to produce facts sufficient to support his § 1983 conspiracy claims because there is no evidence that the City and Indochine Defendants shared a common objective of depriving Josfan of his civil rights. *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440–41 (9th Cir. 2010). Josfan claims that the Defendants conspired to concoct a false, post hoc justification for his arrest and prosecution. However, George and Gomez's post-arrest statements to the City Defendants were entirely consistent with the 911 call and uncontradicted accounts of George and Gomez's pre-arrest statements. Thus, there is no evidence to suggest that the Defendants fabricated facts to create probable cause.

3. Finally, Josfan failed to provide any evidence contradicting the deposition testimony of George and Gomez, which established that they "possessed . . . facts . . . sufficient to cause a reasonable person to honestly believe the charge[s] [against Josfan were] true." *Greene v. Bank of Am.*, 156 Cal. Rptr. 3d 901, 910–11 (Ct. App. 2013) (internal quotation marks omitted). Accordingly, Josfan did not create a genuine issue of material fact with respect to his state law claim that the Indochine Defendants conspired to cause a malicious prosecution. *See Walsh v. Bronson*, 245 Cal. Rptr. 888, 895 (Ct. App. 1988) (explaining that a

3

civil conspiracy claim must fail if the underlying malicious prosecution claim fails).

**AFFIRMED.**

4